NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, AKA Seal 1; FIDELITY EXPRESS NETWORK, INC., a California corporation, AKA Seal 2,

               Plaintiffs - Appellants,

   v.

COLIN H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, AKA Seal B; HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, AKA Seal C; FARID MESHKATAI, an individual, AKA Seal D; ANITA KRAMER MESHKATAI, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987, AKA Seal E; JOSEPH F. ETIENNE, trustee of Kramer Family Trust, Friedman Insurance Trust, Negev Trust, Brendon Friedman Trust, Jason Friedman Trust, Elan Meshkatai Irrevocable Trust, Arianna Meshkatai Irrevocable Trust, and Aries Trust, AKA Seal F; LORRAINE ROSS, as trustee of

No. 10-56148

D.C. No. 2:06-cv-04271-CAS-JWJ

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Friedman Insurance Trust, AKA Seal G, Erroneously Sued As Laraine Ross; SPACE PLANNERS LLC, an Arizona limited liability company, AKA Seal H, DBA Closets by Design; AZURA INTERNATIONAL LLC, an Arizona limited liability company, AKA Seal I; WORLDWIDE NETWORK, INC., a California corporation, AKA Seal J; EXECUTIVE-WORLDWIDE, INC., a California corporation, AKA Seal K; EXECUTIVE LEGAL NETWORK, INC., a California corporation, AKA Seal L; KZE ATTORNEY SERVICE, INC., a California corporation, AKA Seal M; WORLDWIDE REPROGRAPHICS, INC., a California corporation, DBA Simplex Reprographics, AKA Seal N; MEDHI EKTEFAIE, an individual, AKA Seal O; INVESTEC TRUST (SWITZERLAND) S.A., as trustee for the Zodiac Trust; KRAMER FOUNDATION; NECESSARY HOLDINGS, INC., a California corporation,

Defendants - Appellees.

---

FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, AKA Seal 1; FIDELITY EXPRESS NETWORK, INC., a California corporation, AKA Seal 2,

Plaintiffs - Appellants,

No. 10-56728

D.C. No. 2:06-cv-04271-CAS-JWJ

2

v.

COLIN H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, AKA Seal B; HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, AKA Seal C; FARID MESHKATAI, an individual, AKA Seal D; ANITA KRAMER MESHKATAI, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987, AKA Seal E; JOSEPH F. ETIENNE, trustee of Kramer Family Trust, Friedman Insurance Trust, Negev Trust, Brendon Friedman Trust, Jason Friedman Trust, Elan Meshkatai Irrevocable Trust, Arianna Meshkatai Irrevocable Trust, and Aries Trust, AKA Seal F; LORRAINE ROSS, as trustee of the Friedman Insurance Trust, AKA Seal G, Erroneously Sued As Laraine Ross; SPACE PLANNERS LLC, an Arizona limited liability company, DBA Closets by Design, AKA Seal H; AZURA INTERNATIONAL LLC, an Arizona limited liability company, AKA Seal I; WORLDWIDE NETWORK, INC., a California corporation, AKA Seal J; EXECUTIVE-WORLDWIDE, INC., a California corporation, AKA Seal K; EXECUTIVE LEGAL NETWORK, INC., a California corporation, AKA Seal L; KZE ATTORNEY SERVICE, INC., a California corporation, AKA Seal M; WORLDWIDE REPROGRAPHICS, INC., a California corporation, AKA Seal

N, DBA Simplex Reprographics; MEDHI EKTEFAIE, an individual, AKA Seal O; INVESTEC TRUST (SWITZERLAND) S.A., as trustee for the Zodiac Trust; NECESSARY HOLDINGS, INC., a California corporation,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

The district court did not err in determining that Colin Friedman and the other appellees (collectively, the Friedman parties) were "wrongfully enjoined" within the meaning of Federal Rule of Civil Procedure 65(c) because the Friedman parties "had the right all along" to lend money to Azura. *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994). Nor did the district court err in concluding that Fidelity National Financial, Inc. and Fidelity Express Network, Inc. (collectively, Fidelity) did not rebut the presumption that the Friedman parties are "entitled to have the bond executed and recover provable

4

damages up to the amount of the bond." *Id.* The record suggests that the Friedman parties suffered at least some provable damages, and Fidelity did not prove otherwise. Nor did Fidelity adduce any other reasons why it "should not suffer the execution of the preliminary injunction bond." *Id.* at 1037.

The district court's determination that the injunction was "the direct cause of the failure of [Azura] at the time that it failed" was not clearly erroneous and was sufficient to support the conclusion that the loss to the Friedman parties as a result of Azura's failure was proximately caused by the injunction. *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1027–28 (9th Cir. 1999). Accordingly, the district court did not err in concluding that the Friedman parties were entitled to provable damages.

The district court did clearly err, however, in concluding that the Friedman parties had proven they suffered damages in the amount of $1.1 million. The district court did not explain the basis of its reasoning, and the record does not support this conclusion. First, the record does not support a conclusion that the Friedman parties' loss, i.e., the value of the loans to Azura before the issuance of the injunction less the value of those loans after the injunction was lifted, amounted to $1.1 million. *Ff. In re Daou Sys., Inc.*, 411 F.3d 1006, 1025–27 (9th Cir. 2005); *Ambassador Hotel*, 189 F.3d at 1030–31. Rather, evidence in the

5

record shows that the loans required no interest payments, had no repayment date, and carried a high risk of default, all of which may reduce the value of a loan. *See United States v. Yeung*, ---F.3d ---, 2012 WL 432289, at *5 (9th Cir. 2012). Second, the record does not support the conclusion that the loans would have almost certainly been repaid in full but for the injunction, given the evidence that Azura lost money every year of operation and its prospects of future success were speculative. Finally, the district court did not consider evidence that Azura retained hundreds of thousands of dollars in assets after it failed, some of which may have been available to make repayments on the loans. Therefore, the district court's implicit findings that the value of the loans before the injunction issued was the $1.1 million face amount of the loans and that the loans had no value after Azura failed are not supported by the record and are clearly erroneous.

On remand, the district court may select any reasonable method of calculation to develop a reasonable estimate, based on the evidence in the record, of the provable damages suffered by the Friedman parties. The district court may determine such damages by developing a reasonable estimate of the value of the loans before the injunction issued, and subtracting a reasonable estimate of the value of the loans after the injunction was lifted. The district court need not determine the loss suffered with "mathematical certainty," but "sufficient facts

6

must be introduced so that [the] court can arrive at an intelligent estimate without speculation or conjecture." *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1350 (9th Cir. 1987) (quoting *Harmsen v. Smith*, 693 F.2d 932, 945 (9th Cir. 1982), *cert. denied*, 464 U.S. 822 (1983)).

**VACATED and REMANDED.**